Filed 6/5/26  P. v. Bryant CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085436 |
| v. | (Super.Ct.No. SWF014648) |
| KEVIN DARNELL BRYANT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Reversed and remanded with directions.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Collette C. Cavalier and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

At a hearing pursuant to Penal Code[1] section 1172.75, the trial court found that it had no authority to modify defendant and appellant Kevin Darnell Bryant's three strike 25-years-to-life sentence pursuant to the Three Strikes Reform Act of 2012 (the Reform Act). On appeal, defendant contends remand is required for the trial court to consider his motion to strike his prior strike convictions in light of the California Supreme Court's recent opinion in *People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838 (*Guevara*). The People agree that defendant is entitled to full resentencing, applying revised penalty provisions of the Reform Act. We agree and reverse the postjudgment order and remand for full resentencing.

# II.

## PROCEDURAL BACKGROUND

On March 11, 2009, a jury convicted defendant of second degree burglary (§ 459) and petty theft with a prior (§ 666). In a bifurcated proceeding, the trial court found true that defendant had previously suffered seven prior prison terms (§ 667, subd. (b)) and three serious or violent felony strike convictions (§§ 667 subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)).

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

On April 17, 2009, the trial court sentenced defendant to 32 years to life in state prison:  25 years to life for the second degree burglary, a stayed 25 years to life for the petty theft with a prior, and consecutive one-year terms for the seven prior prison terms.

On December 11, 2023, in light of section 1172.75, subdivision (a), the trial court recalled defendant's sentence, struck his seven prison priors, and resentenced defendant to an indeterminate term of 25 years to life.  The court ordered the clerk of the court to prepare an amended abstract of judgment and set the matter for a further resentencing hearing.  The amended abstract of judgment was filed on December 18, 2023.

On September 18, 2024, defendant filed a request that the court reconsider his third strike sentence and dismiss one of his strike priors under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) in the interest of justice.  The People opposed the request, asserting that defendant was not entitled to full resentencing hearing.

The further resentencing hearing was held on January 22, 2025.  Following argument by defendant's retained counsel, the trial court found that section 1172.75 did not entitle defendant to full resentencing and thus did not consider defendant's *Romero* motion.  The court thereafter resentenced defendant to 25 years to life in state prison. Defendant timely appealed.

### III.

### DISCUSSION

Defendant contends remand is required for the trial court to consider his motion to strike his prior strike convictions in light of the Supreme Court's opinion in *Guevara*,

*supra*, 18 Cal.5th 838. The People agree that defendant is entitled to full resentencing. We agree the matter should be remanded for reconsideration by the trial court.

The Reform Act "limited indeterminate life sentences for nonserious, nonviolent third strike offenses." (*Guevara*, *supra*, 18 Cal.5th at p. 849.) Pursuant to the Reform Act, codified at section 1170.126, a defendant can petition for a recall of sentence and request resentencing. (*Guevara*, at p. 849.) In 2021, section 1172.75 was enacted by the Legislature, directing courts resentencing defendants to use currently applicable sentencing rules and to "apply any other changes in law that reduce sentences or provide for judicial discretion" with a goal of eliminating "disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

After the enactment of section 1172.75, many courts addressed the relationship between sections 1170.126 and 1172.75, specifically whether the latter unconstitutionally amended the former. In *Guevara*, the Supreme Court held that because section 1172.75 incorporates the consideration of the danger to public safety inherent in section 1170.126, the two statutes "operate harmoniously," and section 1172.75 is therefore constitutional and a valid, applicable statute under which a defendant may request resentencing. (*Guevara*, *supra*, 18 Cal.5th at p. 850.)

The Supreme Court explained "when a defendant is being resentenced pursuant to a separate vehicle, section 1172.75 (one that did not exist at the time that section 1170.126's two-year filing deadline had expired in the absence of good cause), allowing resentencing outside of the two-year window without establishing the good

cause necessary to file a late section 1170.126 petition does not unconstitutionally amend the Reform Act." (*Guevara*, *supra*, 18 Cal.5th at p. 865, italics omitted.)

"Construing the discretionary public safety determination of section 1170.126 as applicable at a section 1172.75 resentencing ' " ' " 'maintain[s] the integrity of both statutes,' " ' " ' such that ' " ' " 'the two may stand together.' " ' " ' [Citation.]" (*Guevara*, *supra*, 18 Cal.5th at p. 865.) "The legislative history suggests the voters understood that where a court conducting a resentencing inquiry for third strike defendants serving an indeterminate term found relief 'would pose an unreasonable risk of danger to public safety,' the defendant would not be entitled to resentencing. [Citation.] We conclude . . . that interpreting section 1172.75 as incorporating the discretionary public safety determination of section 1170.126 would honor this concern and thus eliminate constitutional doubt." (*Id.* at pp. 865-866, fn. omitted.)

"In exercising this discretion, the voters established that the resentencing court may consider: '(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety.' [Citation.]" (*Guevara*, *supra*, 18 Cal.5th at p. 866, fn. 9.)

"The resentencing court is not bound by the prior dangerousness determination associated with [defendant's] section 1170.126 petition.  Rather, section 1172.75 requires that the resentencing court makes a new determination as to whether a defendant's resentencing would 'pose an unreasonable risk of danger to public safety' as of the present day.  [Citation.]  A prior finding that a particular defendant poses a risk to public safety under section 1170.126, subdivision (f) is unquestionably relevant, and will no doubt be given consideration by a court subsequently resolving a resentencing under section 1172.75 involving an indeterminate Three Strikes sentence.  However, given significant passage of time, it is possible that a defendant who once presented a threat to public safety may no longer do so.  For instance, not only may defendants present evidence that they have significantly rehabilitated since a prior section 1170.126 proceeding, but serious illness or advanced age may have substantially reduced the danger to public safety they once posed.  Realistically assessing such changed circumstances is appropriately left to the trial court on remand."  (*Guevara*, *supra*, 18 Cal.5th at p. 878, fn. 17.)

Here, because the *Guevara* court overturned the cases relied upon by the lower court in finding defendant ineligible for section 1170.126 relief at the section 1172.75 hearing, the court's order finding defendant ineligible for full resentencing must be reversed, and the matter is remanded to the trial court.  On remand, the trial court should conduct an analysis of whether defendant, at the time of the hearing, continues to pose a danger to public safety.

IV.

DISPOSITION

The postjudgment order denying defendant's petition for full resentencing pursuant to section 1172.75 is reversed. The case is remanded to the superior court. "If the superior court determines that resentencing [defendant] pursuant to the revised penalty provisions of the Reform Act would 'pose an unreasonable risk of danger to public safety,' the court shall reimpose an indeterminate term. [Citation.] If the superior court does not determine that resentencing [defendant] would 'pose an unreasonable risk of danger to public safety,' and [defendant] is otherwise eligible under the Reform Act, the court shall resentence [defendant] pursuant to the revised penalty provisions of the Reform Act. [Citation.]" (*Guevara*, *supra*, 18 Cal.5th at p. 878. fns. omitted.) Upon resentencing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>

J.

We concur:

<u>MILLER</u>

Acting P. J.

<u>FIELDS</u>

J.

7